IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST; BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND; BOILERMAKERS NATIONAL ANNUITY TRUST; BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; JOHN FULTZ as a fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND, BOILERMAKERS NATIONAL ANNUITY TRUST and BOILERMAKERS' APPRENTICESHIP AND TRAINING FUNDS; THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; and MARK GARRETT as a fiduciary of THE MOBILIZATION, OPTIMIZATION, STABILIZATION AND TRAINING FUND; <br><br>      Plaintiffs, <br><br>v. <br><br>UNITED TECHNICAL SERVICES, LLC, <br><br>      Defendant. | Case No. 5:20-cv-6155 |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, United Technical Services, LLC, state as follows:

## NATURE OF THE CASE

1. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect fringe benefit contributions

from the Defendant due and owing the Plaintiff Employee Benefit Plans.  Plaintiffs bring this action against Defendant for failing to comply with its statutory and contractual obligations to the Plaintiff Funds arising by virtue of Defendant's collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or its affiliated local unions ("Union").

## PARTIES

2. Plaintiff Boilermaker-Blacksmith National Pension Trust ("the Pension Trust") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Pension Trust is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Pension Trust maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of Missouri.  The Pension Trust is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

3. Plaintiff Boilermakers National Health and Welfare Fund ("the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Health & Welfare Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of Missouri.  The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. Plaintiff Boilermakers National Annuity Trust ("the Annuity Trust") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Annuity Trust is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Annuity Trust maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of Missouri. The Annuity Trust is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Boilermakers' Apprenticeship and Training Fund ("the Apprenticeship Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Apprenticeship Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of Missouri. The Apprenticeship Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6).

6. Plaintiff John Fultz is a fiduciary of the Plaintiffs Pension Trust, Health & Welfare Fund, Annuity Trust, and Apprenticeship Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action. *See* 29 U.S.C. § 1132(a).

7. Plaintiff Mobilization, Optimization, Stabilization and Training Fund ("the MOST Fund") is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). The MOST Fund maintains its principal place of administration at 12200 NW Ambassador Drive, Kansas City, Missouri 64163, which is located within the territorial boundaries of the Western District of Missouri. The MOST Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §

1132(d). Additionally, the MOST Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c) of the LMRA, 29 U.S.C. § 186(c).

8. Plaintiff Mark Garrett is a fiduciary of the MOST Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

9. Defendant, United Technical Services, LLC, is a limited liability company organized under and existing by virtue of the laws of the State of Delaware. Defendant is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

10. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

11. Because the Plaintiff employee benefit plans are administered in the Western District of Missouri, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

12. At all times relevant hereto, Defendant has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ("IBB") and/or affiliate local unions of the IBB (collectively, "the Union").

13. Plaintiffs Pension Trust, Health & Welfare Fund, Annuity Trust, Apprenticeship Fund, and MOST Fund (collectively, "the Funds") are established and operated pursuant to written agreements and/or declarations of trust.

4

14. These agreements and/or declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between Defendant and the Union.

15. At all material and relevant times to this action, Defendant has employed employees who have performed covered work under the collective bargaining agreement(s).

16. Under the collective bargaining agreement(s), Defendant must timely submit reports and fringe benefit contributions to the Funds. Defendant must submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established for each of the Funds in the collective bargaining agreement(s).

17. The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

18. Under the Funds' written agreements and/or declarations of trust and by law, the Funds may audit any of the books and records of employers obligated to remit reports and contributions to the Funds, in order to ensure that such employers are complying with their reporting and contribution obligations.

19. The Funds retained the services of Wilson McShane Corporation to conduct a compliance audit of Defendant covering the period of January 1, 2017 through December 31, 2018 ("Audit Period").

20. The audit was conducted and it revealed that Defendant is liable to the Funds for additional delinquent contributions in the amount of eighty-eight thousand and twenty-five and

10/100 dollars ($88,025.10) for unreported hours of covered work performed during the Audit Period.  As a result, Defendant is in breach of the collective bargaining agreement(s).

21.     The collective bargaining agreement(s), the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions.  Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

22.     Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Defendant is liable to the Funds for liquidated damages of twelve percent (12%) of the delinquent contributions.  Accordingly, Defendant is liable to the Funds for liquidated damages in the amount of ten thousand, five hundred and sixty-two and 99/100 dollars ($10,562.99) upon the delinquent contributions for the unreported hours of covered work performed during the Audit Period.

23.     Pursuant to the collective bargaining agreement(s) and the trust agreements incorporated therein, Defendant is liable to the Funds for interest at the rate of twelve percent (12%) *per annum* upon the delinquent contributions and the liquidated damages.  Accordingly, as of October 28, 2020, Defendant is liable to the Funds for accrued interest in the amount of thirty-five thousand, two hundred and four and 30/100 dollars ($35,204.30) upon the delinquent contributions for the unreported hours of covered work performed during the Audit Period, and liquidated damages thereon.  Interest continues to accrue.

24.     The Funds have incurred attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions.  The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreement(s) and by law.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

6

Case 5:20-cv-06155-SRB   Document 1   Filed 10/30/20   Page 6 of 7

a) Finding that Defendant is liable to the Funds for the amount of one hundred and thirty-three thousand, seven hundred and ninety-two and 39/100 dollars ($133,792.39) (contributions - $88,025.10; liquidated damages - $10,562.99, and interest accrued through October 28 2020 - $35,204.30) and entering judgment against Defendant and in favor of the Plaintiffs for these amounts, plus interest that accrues from October 28, 2020 through the date judgment is entered;

b) Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

c) Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396

By  /s/ Nathan A. Kakazu
Nathan A. Kakazu, MO # 70157
**ATTORNEYS FOR PLAINTIFFS**